UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES,

-against-

DAMON MONK,

Defendant.
-------------------------------------------------------------------X

MEMORANDUM & ORDER

06-CR-642-1 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Defendant Damon Monk's motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot. for Resentencing ("Def. Mot.") (Dkts. 161, 162).) For the reasons discussed below, Defendant's motion is GRANTED.

I. BACKGROUND

On September 20, 2007, a superseding indictment was filed against Defendant on three separate counts: conspiracy to distribute and possess with intent to distribute cocaine base and MDMA (21 U.S.C. §§ 841(b)(1)(A)(iii), 841(b)(1)(C), and 846); distribution of cocaine base and MDMA (21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 841(b)(1)(C)); and maintaining a drug-related premises (21 U.S.C. §§ 856(a)(2) and 856(b)). (Superseding Indictment (S-1) (Dkt. 56).) Defendant subsequently pleaded guilty to all three counts contained in the superseding indictment. (See Oct. 2, 2007, Min. Entry (Dkt. 78).)

On August 17, 2009, the court sentenced Defendant, imposing a 262-month term of imprisonment, a five-year term of supervised release, and a special assessment of $300. (J. (Dkt. 116).) By summary order, the U.S. Court of Appeals for the Second Circuit vacated the sentence and remanded the case to the district court for additional findings. (See May 3, 2011, Mandate (Dkt. 130).) The court thereafter issued an Amended Judgment on January 31, 2012,

1

sentencing Defendant to a 135-month term of imprisonment, a twelve-year term of supervised release, and a special assessment of $300. (Am. J. (Dkt. 145).) The court calculated the 135-month term of imprisonment using the Drug Quantity Table of the U.S. Sentencing Guidelines ("USSG" or "Guidelines"); specifically, the Guidelines recommended a term of imprisonment of 135-168 months based on Defendant's adjusted total offense level of 33 and criminal history category of I. (See Statement of Reasons (Dkt. 146) at 1; Def. Mot. at 4; Gov't Ltr. in Resp. to Mot. ("Gov't Resp.") (Dkt. 164) at 2.) See also Monk v. United States, No. 12-CV-4350 (NGG), 2014 WL 3715112, at *3-4 (E.D.N.Y. July 17, 2014) (denying Defendant's Petition for Writ of Habeas Corpus and explaining court's prior calculation of adjusted total offense level of 33). At the time of the sentencing, Defendant faced a five-year mandatory minimum sentence (compared to a ten-year mandatory minimum sentence during his initial sentencing in 2009). (See Gov't Resp. at 2 (describing intervening changes to the mandatory minimum sentence during the period between the two sentencings).) In light of the amended sentence, the court denied as moot Defendant's then-pending motion to reduce sentence. (See Nov. 13, 2009, Mot. for Resentencing (Dkt. 123); Feb. 14, 2012, Order (Dkt. 147).)

## II. LEGAL STANDARD

Defendant filed the instant motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2), which provides that a term of imprisonment may be modified "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). The Supreme Court has established a two-step inquiry to guide a district court in its consideration of a § 3582(c)(2) motion. See Dillon v. United States, 560 U.S. 817, 825 (2010); see also United States v. Christie, 736 F.3d 191, 194-95 (2d Cir. 2013). First, the district court must determine whether a

defendant is "'eligible for a reduction in sentence.'" Christie, 736 F.3d at 194 (emphasis in original) (quoting United States v. Mock, 612 F.3d 133, 137 (2d Cir. 2010)). Second, if a defendant is eligible for resentencing, the court will then consider whether a reduction is warranted in the defendant's particular case. Dillon, 560 U.S. at 817.

Amendment 782 to the Guidelines, effective November 1, 2014, modifies the base offense levels in the Drug Quantity Table in § 2D1.1 of the Guidelines, and thereby lowers the sentencing range for drug-related offenses. See USSG App. C (Supp.) at 71. In Amendment 788 to the Guidelines, the Sentencing Commission made Amendment 782 retroactive for defendants sentenced before its effective date. See id. § 1B1.10(d) (listing Amendment 782 among amendments eligible for retroactive application). However, unlike other amendments, and although Amendment 782 is "effective" November 1, 2014, a "court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." Id. § 1B1.10(e)(1). Although it postpones the effective date of any reduced sentence, subsection (e)(1) does not preclude the court from conducting resentencing proceedings or entering orders pursuant to § 3582(c)(2) before November 1, 2015, so long as the effective date of the order is November 1, 2015, or later. See id. § 1B1.10 cmt. 6; see also, e.g., United States v. Vargas, No. 05-CR-1327 (VM), 2015 WL 708540, at *1 (S.D.N.Y. Feb. 10, 2015) (discussing effective dates and granting defendant's motion for a reduction in sentence, "effective on November 1, 2015").

If a defendant is eligible for a reduction in sentence, the court proceeds to the second step of the Dillon analysis, and determines whether, in light of the factors enumerated in 18 U.S.C. § 3553(a), a reduction in sentence is warranted. See Dillon, 560 U.S. at 827. Under § 3553(a), the court must consider, among other things, "the nature and circumstances of the offense and

the history and characteristics of the defendant" and the need to "protect the public from further crimes of the defendant." See 18 U.S.C. § 3553(a). Where a reduction is authorized, § 1B1.10(b)(2)(A) of the Guidelines provides that "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). Furthermore, "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." Id. § 1B1.10(b)(2)(C).

## III. APPLICATION

Defendant argues that in light of Amendment 782's changes to the Drug Quantity Table, his adjusted offense level is now 31 (a two-point reduction from his prior adjusted offense level), corresponding to an applicable Guideline range of 108-135 months of imprisonment. (Def. Mot. at 5.) The Government agrees that Defendant is eligible for resentencing. (See Govt. Resp. at 3-4.) In addition, the U.S. Probation Department submitted an Addendum to the Presentence Report, in which it also agrees that Defendant is eligible for a two-level reduction in base offense level. (Mar. 6, 2015, Addendum to Presentence Report at 1.)

The court finds that Defendant is eligible for a reduction in sentence. Defendant's sentence for the three drug-related charges to which he pleaded guilty was based on the then-applicable Drug Quantity Table. Therefore, Amendment 782 applies to Defendant; had Amendment 782 been in effect in 2012 at the time of Defendant's sentencing (see USSG § 1B1.10(b)), his adjusted offense level would have been 31 (not 33), and the Guideline range for his sentence would have been 108-135 months of imprisonment (not 135-168 months).

The court next turns to whether to grant, in its discretion, a reduction in sentence. Under the Guidelines, the court is authorized to reduce Defendant's sentence by up to 27 months, from

135 months to as low as a 108-month term of imprisonment (the minimum under the amended Guideline range, see id. § 1B1.10(b)(2)(A)). Based on a consideration of Defendant's detailed submission—which includes educational and vocational certificates earned by Defendant while in prison, a psychological evaluation of Defendant, a letter from Defendant to the court, and a letter from Defendant's childhood friend to the court—and in light of the non-objections to limited resentencing by the Government and the Probation Department, the court finds that a reduction in sentence is warranted. As the court has noted on prior occasions, Defendant's record of behavior in prison is encouraging, as is his recent completion of a 500-hour Residential Drug Abuse Program. Defendant has also sought to improve his life by taking numerous courses and participating in several programs while in prison, and Defendant has assumed the role of mentor and leader in several of these programs. In addition, Defendant's childhood friend has arranged for Defendant to become an analyst employed by his tax services company in Georgia upon his discharge from prison, and has made plans to help integrate Defendant into the community.[1] Finally, Defendant expresses sincere remorse for his past conduct. In short, upon a review of the § 3553(a) factors, the court finds that a reduction in sentence is warranted.

Before accounting for any reduction in sentence, Defendant is projected to be released from prison on August 20, 2016. (Def. Mot. at 5 n.3; Addendum to Presentence Report at 3.) In lieu of resentencing Defendant to a 108-month term of imprisonment (which would end before November 1, 2015, and which could complicate the calculation of Defendant's good time credits (See Def. Mot. at 5 n.3)), the court sentences Defendant to time-served, effective November 1, 2015. See USSG § 1B1.10(b)(2)(C) ("In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."); United

---

[1] The court reminds Defendant that, as provided in the Amended Judgment, a condition of Defendant's supervised release is that he shall not leave the judicial district without first obtaining the permission of the court or his probation officer. (Am. J. at 3.)

5

States v. Vergara, No. 10-CR-113, 2015 WL 867613, at *3 (reducing defendant's sentence to 63 months or time-served, whichever is greater as of November 2, 2015). The court defers to the professional judgment of the Bureau of Prisons regarding Defendant's eligibility for participation in any re-entry programs or transitional services. (See Def.'s Mar. 20, 2015, Ltr. (Dkt. 165) at 2.)

## IV. CONCLUSION

For the reasons set forth above, Defendant's motion for reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) is GRANTED. Consistent with this Memorandum and Order, the court will issue a Second Amended Judgment reflecting a sentence of time-served, with an effective date of November 1, 2015. The court does not alter any other portion of the January 31, 2012, Amended Judgment (Dkt. 145), including the twelve-year term of supervised release, the conditions of supervised release, and the $300 special assessment.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York  
April __, 2015

NICHOLAS G. GARAUFIS  
United States District Judge